# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-654V
Filed: December 15, 2017
UNPUBLISHED

|  |  |
|---|---|
| PEGGY GORDON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Kelly Burdette*, Burdette Law, PLLC, North Bend, WA, for petitioner.
*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On June 24, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act. Petitioner alleged that she suffered Guillain-Barré Syndrome ("GBS") and acute and chronic respiratory failure caused-in-fact by the trivalent influenza vaccination she received on December 7, 2012. Petition at 1, ¶¶ 3, 8. On May 22, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 50).

  On August 23, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 54). Petitioner requests attorneys' fees in the amount of $16,812.00 and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $1,669.43.  *Id.* at 1-2.  Thus, the total amount requested for attorneys' fees and costs is $18,481.43.  Petitioner's counsel indicates she "has been unsuccessful in obtaining an executed General Order #9 [statement] from Petitioner." *Id.*  Reminding the court that petitioner is homeless, petitioner's counsel indicates she has been able to obtain only "a hand written ledger from the Petitioner and a worksheet from Petitioner's father listing certain expenses they believe they are entitled to as a result of Petitioner's injury."  *Id.* (citing the 2nd Attachment to Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion")).  The total listed on the ledger is $5,745.00, and the total on the worksheet is $5,570.03.  2nd Attachment to Pet. Motion at 2-3.  However, an examination of the individual items and amounts on these two lists illustrates the totals should be much higher.  As acknowledged by petitioner's counsel, there are no receipts provided for any of these costs.  Pet. Motion at 3.

On September 5, 2017, respondent filed the typical response to fee motions filed in most vaccine cases since February 2016.  (ECF No. 5).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Since petitioner also failed to file receipts for the attorneys' costs sought, the OSM staff attorney managing this SPU case emailed petitioner's counsel (copying respondent's counsel on the correspondence) to ask about the status of those receipts and to inquire as to the identity of an individual whose name appears in the billing records.  *See* Informal Remark, dated Sept. 5, 2017.  Petitioner's counsel clarified that the individual was a former employee whose time was not billed in this case.  *See* Order, issued Oct. 4, 2017, at 1 (ECF No. 57).  Petitioner filed receipts for the attorneys' costs sought.  See Exhibit 10, filed Sept. 8, 2017 (ECF No. 56).

Approximately three weeks later, petitioner's counsel emailed the staff attorney (copying respondent's counsel on the correspondence) to inquire as to the status of petitioner's motion.  *See* Informal Remark, dated Sept. 27, 2017.  The staff attorney replied that the undersigned wished the parties to file simultaneous briefs regarding the out-of-pocket costs sought by petitioner as many appear to be costs which are not compensated by the Program or which should be paid out of the amount awarded on May 22, 2017 for petitioner's injury.  *See* Order, issued Oct. 4, 2017, at 1.  The undersigned issued an order setting the deadline for the parties' briefs for November 6, 2017.  *Id.* at 2.

On October 30, 2017, petitioner filed a response reiterating her inability to obtain any receipts for these costs and acknowledging generally that certain costs would not be reimbursed even if receipts were produced.  Petitioner's 1st Response at 1 (ECF No. 58).  Petitioner failed to discuss any particular items on petitioner's two lists, instead

2

asking "that the court exercise its discretion and award Petitioner such costs as it deems reasonable." *Id.* at 2.

Subsequent to this response, the staff attorney emailed the parties regarding the deficiencies in petitioner's October 30, 2017 response and reiterating that the parties should identify the costs they believe are appropriate out-of-pocket expenses. *See* Informal Remark, dated Oct. 31, 2017. On November 6, 2017, the parties each filed a response. (ECF Nos. 59-60). While noting generally that most of the costs sought should not be reimbursed under the Program as out-of-pocket litigation expenses, respondent argued that none should be compensated since petitioner had not provided any supporting documentation (receipts). Respondent's Response (ECF No. 59). Petitioner listed 15 expenses, totaling $6,035.28, which she argued should be awarded. Petitioner's 2nd Response (ECF No. 60). All items listed by petitioner appear to be for medical care.

Section 15(a) describes the compensation which may be awarded to a petitioner for a vaccine-related injury or death. Further details regarding this compensation are set forth in Sections 15(b) - (d). Section 15(e) allows for compensation to cover reasonable attorneys' fees and costs incurred in any proceeding on a vaccine petition. § 15(e)(1).

The majority of out-of-pocket costs sought by petitioner are either amounts not paid by the Program[3] or amounts that are properly awarded under Section 15(a). As stated in the undersigned's May 22, 2017 decision, the $225,000.00 awarded in this case "represents compensation for all items of damages that would be available under § 15(a)." Decision at 2 (ECF No. 50). Thus, this earlier award covers the medical expenses identified by petitioner in her second response. Section 15(a) specifically covers compensation for unreimburseable expenses which "have been or will be for diagnosis and medical or other remedial care determined to be reasonably necessary." § 15(a)(1)(A)(iii).

The only costs which could possibly be litigation costs, i.e. incurred in the vaccine proceeding, are the paper, flash drives, copier ink, binders, and storage boxes purchased in January 2015. 2nd Attachment to Pet. Motion at 3 (entries dated 1/13/15, 1/27/15, 1/30/15). For an attorney, these costs would be considered overhead costs, not payable under the Program. *See Guy v. Sec'y of Health & Human Servs.,* 38 Fed. Cl. 403, 407 (1997). However, the undersigned need not consider whether they are costs properly paid as out-of-pocket costs to petitioner since sufficient information and documentation to support the payment of these costs has not been submitted.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, other than the out-of-pocket costs sought by

---

[3] For example, petitioner seeks $251.76 for her Direct TV bill paid by her father. 2nd Attachment to Pet. Motion at 3 (3rd entry dated 5/13/13).

3

petitioner, the request appears reasonable.  The undersigned does not award any amount for petitioner's out-of-pocket expenses, but will award the full amount of attorneys' fees and costs requested.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request with regard to the attorneys' fees and costs sought, the undersigned **GRANTS in part and DENIES in part petitioner's motion for attorneys' fees and costs.**

**Accordingly, the undersigned awards the total of $18,481.83[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Kelly Burdette.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.